# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: April 20, 2017)
No. 14-339V

| | |
|---|---|
| * * * * * * * * * * * * <br> SUSAN HARRISON,                  * <br>                                     * <br>              Petitioner,        * <br>                                     * <br>                                     * <br> v.                                       * <br>                                     * <br> SECRETARY OF HEALTH      * <br> AND HUMAN SERVICES,       * <br>                                     * <br>             Respondent.        * <br>                                     * <br> * * * * * * * * * * * * | UNPUBLISHED <br><br> Attorney's Fees and Costs; <br> Hepatitis A vaccine; Hepatitis <br> B vaccine; DTaP vaccine; Lichen <br> Planus. |

*Ronald Homer, Conway Homer, P.C., Boston, MA,* for petitioner.
*Althea Davis, US Department of Justice, Washington, DC,* for respondent.

## DECISIONS FOR ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

      On April 23, 2014, Susan Harrison ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed Lichen Planus as a result of receiving the DTaP (tetanus) vaccination on May 4, 2011, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

hepatitis A ("hep A"), and hepatitis B ("hep B"), vaccinations on May 4, 2011 and June 8, 2011. *See generally,* Petition [Pet.], ECF No. 1; *see* Pet. Ex. 17 at ¶ 2.

Respondent filed a Stipulation of Settlement on October 13, 2016. Stipulation, ECF No. 49. Respondent denies that the hepatitis A ("hep A") and hepatitis B ("hep B") vaccines caused petitioner to suffer lichen planus or any other injury or her current condition. *See* Stipulation at ¶6, ECF No. 49. Nevertheless, the parties agreed to settle this case. On October 13, 2016, the undersigned issued a decision approving the settlement. Decision, ECF No. 50.

## ATTORNEYS' FEES

Petitioner now seeks an award of attorneys' fees in the amount of $33,652.20 and costs in the amount of $3,759.57 for a total of $37,411.77, pursuant to §15(e) of the Vaccine Act. Motion for Attorney's Fees and Costs ("Motion for Fees"), ECF No. 55. Petitioner's counsel represents that petitioner incurred $104.92 in costs. Respondent provided no specific objection in his response to the amount requested or the hours worked in this matter. Response; ECF No. 57.

Petitioner has requested hourly rates for Christine Ciampolillo at $209 for work performed in 2012, $213 for work performed in 2013 to 2014, and $300 for work performed 2014 to 2017. Petitioner has requested hourly rates for Joseph Pepper at $290 for work performed from 2015 to 2017 and Ronald Homer at $400 for work performed from 2014 to 2017. Petitioner has requested hourly rates for paralegals at $110 for work performed in 2012, $110 to $112 for work performed in 2013 to 2014, and $135 for work performed from 2014 to 2017. Petitioner has requested hourly rates for law clerks at $145 for work performed from 2014 to 2017.

Based on a study of fees awarded to the named attorneys, law clerks, and paralegals in previous cases, the undersigned finds appropriate the hourly rates outlined above. The rates for attorney's, paralegals, and law clerks at the Homer firm were set and found to be reasonable in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19-21 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Rates for the firm have not increased since 2015, therefore the undersigned finds them to be reasonable. The rates charged by the firm for work done prior to *McCulloch* are consistent with the firm's rates for 2012 through 2014 and are reasonable. *See Petronelli v. Sec'y of Health and Human Servs.*, No. 12-285V, 2016 WL 7233933, at *2 (Fed. Cl. Spec. Mstr. Oct. 19, 2016).

## COSTS

Petitioner requests a total of $3,759.57 in attorney's costs. Motion for Attorney's Fees and Costs ("Motion for Fees") at 30, ECF No. 55. Petitioner requests a total of $104.92 in out-of-pocket expenses. Based upon a thorough review of the billing records, I find the requested costs to be reasonable.

## **TOTAL AWARD SUMMARY**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned GRANTS petitioner's motion for attorney's fees and costs.

**Accordingly, the undersigned awards the total of $37,516.69 as follows:**

- **A lump sum of $104.92 in the form of a check payable solely to petitioner, Susan Harrison; and**
- **A lump sum of $37,411.77 in the form of a check payable jointly to petitioner and petitioner's counsel, Ronald Homer.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.